**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

SETH HARP,                              )
                                        )
      Plaintiff,                    )
   v.                               )     Civil Action No. 22-171
                                        )
                                        )
U.S. CUSTOMS AND BORDER                 )
PROTECTION,                             )
                                        )
      Defendant.                    )

## COMPLAINT

Plaintiff Seth Harp brings this action against Defendant United States Customs and Border Protection to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). In support thereof, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district court under 28 U.S.C. § 1391(e)(1)(C).

## PARTIES

3. Plaintiff Seth Harp is an investigative journalist who frequently travels internationally for work. Plaintiff is a citizen of the United States who was born in Austin, Texas and resides here still. As a representative of the news media, Plaintiff routinely requests records from federal agencies pursuant to FOIA, analyzes the responses, and disseminates his findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Customs and Border Protection ("C.B.P.") is a federal law enforcement agency within the U.S. Department of Homeland Security that enforces U.S. laws and regulations pertaining to international trade, customs, and immigration. It has numerous field offices, including one in the Austin-Bergstrom International Airport. C.B.P. is headquartered in Washington, D.C.

5.      Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.      On May 13, 2019, Plaintiff was returning home from a work trip to Mexico and passed through customs and immigration at the Austin-Bergstrom Airport.

7.      The C.B.P. duty officer who inspected Plaintiff's passport and customs declaration was named Moncivias or Moncivais. His first name is unknown to Plaintiff. In addition to other, more routine questions, Officer Moncivias demanded to know the substance of the story that Plaintiff had gone to Mexico to report.

8.      Plaintiff was courteous and cooperative, and gave truthful answers to Officer Moncivias's questions. However, Plaintiff did not believe that he had a legal obligation to disclose the substantive content of his reporting, and declined to do so.

9.      Officer Moncivias then pulled Plaintiff out of line and escorted him to the Homeland Security zone of the airport for "secondary screening."

10.      For the next four hours, Plaintiff was aggressively interrogated on all aspects of his work by Officer Moncivias and two other C.B.P officers, whose names were Pomeroy and Villareal (collectively, the "C.B.P. Officers").

11.     The C.B.P. Officers interrogated Plaintiff about his travels in Mexico and the interviews he had conducted there. They questioned him about conversations with editors, colleagues, and sources. They asked about his political opinions on various topics, including his opinion of then-President Donald Trump. They demanded to know the identities of sources with whom he had worked. The officers told Plaintiff that if he did not answer the questions, he would not be allowed to enter the United States.

12.     None of these scattershot questions were directed at ascertaining Plaintiff's citizenship status, which was not in doubt. Nor were they intended to discover a potential violation of law. The C.B.P. Officers did not have probable cause or a reasonable suspicion to believe that Plaintiff had committed a crime. Nor did they have reason to think that he had violated any U.S. regulation.

13.     The C.B.P. Officers thoroughly searched Plaintiff's luggage. They read every page of his 2019 journal and calendar. In addition, they spent more than three hours reviewing his cell phone and laptop. They opened all of his apps. They browsed his emails and reviewed his internet history. They went through hundreds of photographs. They read every document they could find. The voluminous records that the C.B.P. Officers reviewed included confidential correspondence with colleagues, family, and friends, as well as confidential financial statements, confidential business records, and private photographs.

14.     At times, the C.B.P. Officers left the interrogation room with Plaintiff's phone and laptop and were gone for long periods. On information and belief, they used technological equipment to copy Plaintiff's electronic files. On information and belief, they installed tracking software on Plaintiff's devices.

15. For the duration of the interrogation, the C.B.P. Officers took notes. The things they made handwritten note of included but were not limited to technical data pertaining to Plaintiff's devices, such as the 15-digit International Mobile Subscriber Identifier found in the settings of Plaintiff's cellular phone. Officer Moncivias, who was seated at a computer desk across from Plaintiff in the interrogation room, appeared to be preparing some kind of report, which he worked on for the better part of an hour. He would ask Plaintiff a question, and then write something on the computer. Or he would pause, carefully consult something on Plaintiff's phone, and then go back to typing.

16. After about four hours, the C.B.P. officers returned Plaintiff's luggage, laptop, and phone, and informed him that he was free to go.

17. Plaintiff subsequently wrote a story for *The Intercept* about the experience, and called a C.B.P. spokeswoman seeking an official comment. During this conversation, the spokeswoman mentioned that the "port director" had "reviewed the tape" of the encounter, which Plaintiff found notable because the C.B.P. Officers had specifically told him, during the interrogation, that he was not being recorded.

18. On January 18, 2022, Plaintiff submitted a request under the Freedom of Information Act for all records related to himself that were in C.B.P.'s custody, and in particular, for the report that he had seen Officer Moncivias writing.

19. Plaintiff made this request through Defendant C.B.P.'s officially designated online portal for FOIA requests. The request was automatically assigned the tracking number CBP-2022-033743.

20. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Defendant was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days of receipt of

4

the request, and to notify Plaintiff immediately of its determination, the reasons therefor, and his right to appeal any adverse determination.

21. The Defendant's determination regarding Plaintiff's FOIA request was due by February 24, 2022 at the latest.

22. On February 25, 2022, Plaintiff tracked his request on Defendant C.B.P.'s website and found that the disposition remained "undetermined."

23. As of the date of this complaint, the Defendant has failed to: (1) determine whether to comply with Plaintiff's FOIA requests; (ii) notify Plaintiff of any such determination and the reasons therefor; (iii) advise Plaintiff of his right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

24. Because the Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1

**(Violation of FOIA, 5 U.S.C. § 552(a)(4)(B): unlawful withholding of agency records)**

25. Plaintiff realleges paragraphs 1 through 24 as if fully stated herein.

26. The Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

27. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA requests, and Plaintiff will continue to be irreparably harmed unless the Defendant is compelled to conform its conduct to the requirements of the law.

**COUNT 2**

**(Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i): failure to respond in statutory time period)**

28.     Plaintiff realleges paragraphs 1 through 27 as if fully stated herein.

29.     The Defendant has failed to respond to Plaintiff's FOIA request within the statutory time period specified at 5 U.S.C. § 552(a)(6)(A)(i).

30.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful failure to respond in a timely manner, and Plaintiff will continue to be irreparably harmed unless the Defendant is compelled to conform its conduct to the requirements of the law.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order the Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discover of records responsive to Plaintiff's FOIA request; (2) order the Defendant to produce, by a certain date, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:     February 25, 2022          Respectfully submitted,

_____
Seth Harp
Texas Bar No. 24080930
416 Kemp Street
Austin, Texas 78741

*Plaintiff and Attorney at Law*

**CERTIFICATE OF SERVICE**

I, Seth Harp, the Plaintiff in this case and an attorney admitted to practice in this Court, certify

that on the 25th day of February, 2022, I caused to be mailed to the Attorney for U.S. Customs

and Border Patrol a copy of this Complaint by certified U.S. Mail at the following addresses:

Office of Chief Counsel
US Customs and Border Protection
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, DC 20229

Mr. Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Ms. Stephanie Rico
Civil Process Clerk
Office of the U.S. Attorney for the Western District of Texas
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597

Dated: February 25, 2022

_____
Seth Harp
*Plaintiff and Attorney at Law*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>*Plaintiff(s)*</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>*Defendant(s)*</td><td>)</td><td></td></tr>
</table>

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: